# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Ronnie Jennings, | : | Case No. 5:05CV2979 |
| | : | |
| Petitioner | : | Judge Patricia A. Gaughan |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Michelle Eberlin, Warden | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this *pro se* action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his January 23, 2004 conviction pursuant to a jury trial of one count of kidnapping, one count of attempted rape, one count of unlawful restraint, and one count of gross sexual imposition, upon which he is currently serving merged sentences of nine years incarceration. Petitioner was also found to be a sex offender.

Petitioner appealed his convictions to the Ohio Ninth District Court of Appeals alleging four assignments of error:

> 1. The State of Ohio failed to meet the constitutionally required burden of proof-beyond a reasonable doubt when it failed to offer sufficient evidence to establish that appellant Jennings committed the offenses of attempted rape, kidnapping, unlawful restraint and gross-sexual imposition.
>
> 2 Contrary to Art. 1, §5 of the Ohio State Constitution, the verdict convicting Mr. Jennings of attempted rape, kidnapping, unlawful restraint, and gross-sexual imposition is against the manifest weight of the evidence.

1

3.    The trial court erred when it failed to suppress the photo array identification presented to the victim prior to trial.

4.    The trial court erred in classifying appellant Jennings as a sexual predator because the State of Ohio presented insufficient evidence to prove by clear and convincing evidence that appellant Jennings would commit additional sexual offenses in the future.  In addition, such a finding was against the manifest weight of the evidence presented by the State of Ohio.  Finally, in adjudicating appellant Jennings as a sexual predator, the trial court clearly lost its way and created such a manifest miscarriage of justice that the adjudication must be reversed.

On October 13, 2004 the state appellate court affirmed the judgment of conviction and sentences.

Petitioner appealed to the Ohio Supreme Court  affirmance of his convictions, alleging the following two propositions of law:

**Proposition of Law No. I:** The trial court erred when it failed to suppress the photo array identification presented to the victim prior to trial.

**Proposition of Law No. II:** The trial court erred in classifying appellant Jennings as a sexual predator because the State of Ohio presented insufficient evidence to prove by clear and convincing evidence that appellant Jennings would commit additional sexual offense in the future.

On February 16, 2005 the state supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  Petitioner did not appeal this decision to the United States Supreme Court.

On December 28, 2005 the petitioner filed the instant *pro se* petition, in which he raises the following three claims for relief:

**A.  GROUND ONE:** EVIDENCE TAMPERING WAS COMMITTED IN MY CASE.  THE POLICE REPORT PRESENTED AT THE JAN. 13, 2004 SUPPRESSION HEARING STATED THE HT. OF THE ATTACKER AS 6 FT-6FT 3".  AT MY JURY TRIAL JAN. 23, 2004 THE POLICE REPORT HAD BEEN ALTERED WITH A

2

MARKER AND INK PEN TO READ HT. 6 FT 3-6FT. 3"
5' 10"

**Supporting FACTS:** At the Jan. 13, 2004 suppression hearing Officer Gilbride testified that the victim described her attacker as 6ft-6ft 2". Det. Bosak testified that the attacker was described to him as being 6ft-6ft. 3". In the designated area on the police report it stated the height of the attacker as 6ft-6ft. 3". Ten days later at my jury trial the very same police report read as follows HT. 6ft-6ft. 3". Someone took a marker and crossed out the 5' 10" original height given.

**B.    GROUND TWO:** PERJURY WAS COMMITTED IN THIS CASE ALSO. PROSECUTOR NANCY MERCURIO TOLD THE JURY DURING CLOSING ARGUMENTS, "MR. JENNINGS HAS SERVED 4 PRISON TERMS." YOU WILL FIND IN THE APPEAL TRANSCRIPTS THAT THIS LIE WAS ALSO TOLD TO THE NINTH DISTRICT COURT.

**Supporting FACTS:** I have served only 2 prison terms. 1. Possession; 3 yr sentence in Denver, Co., 2. Grand Theft, 2 yr. Sentence in Marion Corrections, Marion, OH.

**C.    GROUND THREE:** TRANSCRIPTS AND TESTIMONY WAS [sic] ALTERED.

**Supporting FACTS:** At the Jan. 13, 2004 suppression hearing, Officer Gilbride testified that on the routine traffic stop one month prior, he described my hair as being "bushy." It was presented to the Ninth District Court that Officer Gilbride described my hair as being "straight chin-length". To verify this all you need to do is listen to the audio tapes of the Jan. 13, 2004 suppression hearing and then read the appeal transcripts.

On June 2, 2006, subsequent to the respondent filing a return of writ arguing that the foregoing claims for relief were procedurally defaulted,  petitioner filed a motion for leave to amend his petition to include the following four claims for relief:

**D.    GROUND FOUR:** Petitioner's due process rights were violated by the use of an impermissibly suggestive photo array. The appellate court incorrectly applied the United States Supreme Court ruling and failed to reasonably apply the facts of this case to the totality of the circumstances.

3

> **E.**    **GROUND FIVE:** Petitioner's Fifth and Fourteenth Amendment due process rights were violated when the State knowingly used false evidence to obtain a conviction.
>
> **F.**    **GROUND SIX:** The trial court violated petitioner's due process rights under the Fourteenth Amendment when it suppressed evidence material to his defense.  This action further violated petitioner's Sixth Amendment right of his compulsory process.
>
> **G.**    **GROUND SEVEN:** Petitioner was deprived his Sixth Amendment right to effective assistance of counsel as guaranteed by the United States Constitution.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date.  Lindh v. Murphy, 521 U.S. 320 (1997).[1]

Respondent contends that petitioner's first three claims for relief have been procedurally defaulted so that the instant petition is subject to dismissal.

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he/she may seek relief based upon an alleged violation of constitutional rights.  Granberry v. Greer, 481 U.S. 129, 133 (1987).  Under the exhaustion doctrine a petitioner must "'fairly present' the substance of each of his federal constitutional claims to the state courts before the federal courts will address them."  Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995).  In so doing, state courts are afforded "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Failure to fairly present an issue to the state courts results in waiver of that claim and in order

---

[1]There is no dispute as to the timely filing of the original petition.

4

to gain access to habeas review of a waived claim a petitioner must demonstrate cause to excuse the waiver and actual prejudice to his/her defense.  Coleman v. Thompson, 501 U.S. 722, 750-51 (1991).

A claim is deemed exhausted even if it has not been presented to the state's highest court when the petitioner is foreclosed from raising it in that forum either because the time for filing has expired or the petitioner is otherwise procedurally precluded from raising it.  When a petitioner fails to appeal a claim to a state's highest court and when the opportunity to do so is lost, the petitioner is said to have procedurally defaulted the claim and must prove cause and prejudice for such default.  Wainwright v. Sykes, 433 U.S. 72, 87 (1977).  Under this standard of review a petitioner must show "cause for the noncompliance and . . . actual prejudice resulting from the alleged constitutional violation."  Id. at 84.

As it is the task of this Court to only consider claims which were adjudicated on the merits in the state courts, this Court generally may not address claims which were not substantively analyzed by the state courts, either due to failure to raise them before the state courts while a remedy was available or due to a state procedural rule precluding merits review of such claim.  Claims which fall into that category are procedurally defaulted and may not be considered on federal habeas review.  Lancaster v. Adams, 324 F.3d 423, 436 (6th Cir. 2003), citing Seymour v. Walker, 224 F.3d 542, 549-50 (6th Cir. 2000).

The Sixth Circuit, in Maupin v. Smith, 785 F.2d 135 (6th Cir. 1986), delineated a four-part test for determining whether a habeas petitioner's claim is procedurally defaulted by the failure to observe a state procedural rule.  First, the district court must determine whether there exists a state procedural rule with which the petitioner failed to comply.  Then the court must determine whether the state court enforced the sanction for failure to comply.  If so, it must next be decided whether failure to comply with the state procedural rule constitutes an adequate and independent ground for barring review of the federal constitutional claim.  If all these questions are answered in the affirmative, the petitioner

must satisfy the requirements set forth in <u>Wainwright v. Sykes</u>, 433 U.S. 72, 138 (1977) that he demonstrate cause for having failed to follow the procedural rule in question and that he was actually prejudiced by the alleged constitutional error.  <u>Greer v. Mitchell</u>, 264 F.3d 663, 672-73 (6th Cir. 2001), <u>cert. denied</u>, 535 U.S. 940 (2002);  <u>Maupin v. Smith</u>, 785 F.2d 135, 138 (6th Cir. 1986).  <u>Accord</u>, <u>Lancaster v. Adams</u>, <u>supra</u> at 436.

The claims for relief raised in the petition have not been presented to any state court.  However, despite the failure to present these claims to the state courts, they may nonetheless be considered as exhausted in light of the fact that petitioner would now be foreclosed from raising them in the state courts due to the longstanding Ohio procedural rule that a claim which could have been but was not raised on direct appeal will be barred from being raised in a delayed appeal or in a petition for post-conviction relief.  See, <u>Collins v. Perini</u>, 594 F.2d 592, 593 (6th Cir. 1978).  Petitioner having failed to demonstrate cause for such procedural default, prejudice arising therefrom, or that this is "an extraordinary habeas corpus case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent...[,]" <u>Murray v. Carrier</u>, 477 U.S. 478 (1986), this Court recommends that his first three claims for relief be dismissed.

Petitioner's conviction having become final on May 17, 2005, ninety days after the Ohio Supreme Court's February 17, 2005 opinion dismissing his direct appeal, any petition for writ of habeas corpus must have been filed no later than May 17, 2006, in order to have been timely filed.  28 U.S.C. § 2244.  His original petition, filed December 28, 2005, was well within the prescribed period, but his motion to amend was filed after that time period expired.

Granting leave to amend his petition to include these claims for relief would be futile, in light of the fact that proposed claims four, six, and seven do not relate back to the original petition, as they

6

would be required to do in order for them to escape the AEDPA's one-year limitations period.[2]  To the extent that proposed claim five might relate back, it relates back to a claim for relief that has been deemed to have been procedurally defaulted and subject to dismissal.

As a consequence, this Court further recommends that petitioner's motion to amend his petition to include claims five through seven be denied.

In light of all the foregoing, it is recommended that the petition be dismissed without further proceedings.



s/DAVID S. PERELMAN
United States Magistrate Judge


DATE: August 1, 2006



## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[2]Under Mayle v. Felix, ___ U.S. ___, 125 S.Ct. 2562, 2566, 162 L.Ed.2d 582 (2005), habeas claims otherwise barred by the AEDPA's one year limitations period may be added to the claims previously raised in a habeas petition provided that they "relate back" to the "conduct, transaction, or occurrence" relied upon in the original petition.  It is not sufficient to allege that the "relating back" requirement is met by reason of reference to the same trial, conviction or sentence of the timely filed habeas claim.  125 S.Ct. at 2573-2574.  Accord, Wiedbrauk v. Lavigne, unreported, Case No. 04-1793, 2006 U.S. App. LEXIS 12283 at *23 (6th Cir. May 17, 2006).