UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Ronnie Jennings,** | ) | **CASE NO. 5:05 CV 2979** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Michelle Eberlin, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Perelman (Doc. 15) which recommends denial of the Petition for Writ of Habeas Corpus now pending before the Court.  For the following reasons, the Report and Recommendation is ACCEPTED.

### Introduction

Petitioner, Ronnie Jennings, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is incarcerated after a jury trial in the Summit County Court of Common Pleas.  This matter has been fully briefed and the Magistrate Judge issued his Report and Recommendation recommending that the Petition for Writ of

1

Habeas Corpus be denied.  Petitioner has filed Objections to the Report and Recommendation.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

Petitioner was convicted of kidnapping, attempted rape, unlawful restraint and gross sexual imposition.  He was found to be a sex offender.

The Magistrate Judge agreed with respondent that all three of petitioner's grounds for habeas relief are procedurally defaulted because petitioner did not present them to any state court.  Furthermore, in response to the Return of Writ, petitioner sought leave to amend his Petition in order to assert four additional grounds for relief.  The Magistrate Judge found such amendment to be futile as the claims would be time-barred or subject to dismissal as procedurally defaulted.

Petitioner argues that the issues asserted in his habeas petition were of record during the trial court proceedings.  Petitioner, however, was obligated to fairly present the substance of each of his federal constitutional claims to the state courts.  *Hannah v. Conley,* 49 F.3d 1193 (6th Cir. 1995).  Clearly, petitioner did not do so.  His claims could have been raised in his direct appeal to the state appellate court but were not and petitioner is precluded from returning to state court now with these claims. Moreover, petitioner does not demonstrate cause for the default or prejudice. Therefore, all of Petitioner's grounds for relief are procedurally defaulted.

For the foregoing reasons, petitioner has not demonstrated that the Petition for Writ of Habeas Corpus should be granted.

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is denied.  Further, this Court hereby fully incorporates the Report and Recommendation by reference herein.

This Court now considers whether to grant a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253 which states in relevant part:

> \*\*\*
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . .
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the United States Supreme Court determined that

> "[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'"

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) ).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." *Id.* at

3

484.  In instances where a claim is procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* (emphasis supplied).

For the reasons stated above and in the Report and Recommendation, this Court finds no basis upon which to issue a certificate of appealablity.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/26/07